IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES C. WYSNER, ID # 1016553,       )
         Petitioner,       )
vs.       )       No. 3:05-CV-0392-D (BH)
              )       ECF
NATHANIEL QUARTERMAN, Director,       )       Referred to U.S. Magistrate Judge
Texas Department of Criminal       )
Justice, Correctional Institutions Division,       )
        Respondent.       )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his November 28, 2000 conviction and resulting forty year sentence for aggravated robbery in Cause No. F00-51283-WK. (*See* Pet. Writ Habeas Corpus (Pet.) at 1-2.) The respondent is Nathaniel Quarterman, Director of TDCJ-CID.

In November 2000, petitioner was convicted of aggravated robbery in Cause No. F00-51283-WK. (*Id.* at 2.) On October 30, 2001, the court of appeals affirmed his conviction. (*Id.* at 3.) He has unsuccessfully challenged his conviction through the state habeas process. (*Id.* ¶ 11.)

In the instant petition, petitioner asserts seven grounds for relief: (1) the State suppressed an exculpatory security video tape of the robbery for which he was convicted; (2) the State used perjured testimony to convict him and failed to correct the false evidence; (3) the trial court denied

him due process and a fundamentally fair trial when it erroneously instructed the jury regarding reasonable doubt; (4) the trial court denied him equal protection when it erroneously instructed the jury regarding reasonable doubt; (5) he was denied the effective assistance of counsel on appeal when the court reporter failed to transcribe bench conferences; (6) the trial court failed to swear the jury panel prior to voir dire; and (7) he was denied the effective assistance of counsel at trial by counsel's multiple deficiencies at all phases of trial.  (*Id.* at 7-10.)  More specifically, he claims that his trial attorney (a) failed to adequately consult with him; (b) failed to call a known exculpatory witness; (c) elicited damaging extraneous testimony; and (d) allowed the jury panel to answer voir dire questions without first being sworn.  (*Id.* at 10.)

Petitioner has challenged his conviction before in federal court by way of a § 2254 petition. *See Wysner v. Dretke*, No. 3:03-CV-1578-M (N.D. Tex.) (Pet. received July 14, 2003).  In the prior action, petitioner claimed that insufficient evidence supports his conviction, that he received ineffective assistance of counsel when his attorney failed to investigate, and that perjured testimony was introduced at trial.  *See id.* (Am. Pet. at 7).  On March 12, 2004, the Court denied the prior petition as untimely.  *See id.* (Judgment and Order dated Mar. 12, 2004).

Because petitioner has filed a previous federal petition to challenge his aggravated robbery conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court.  *See* 28 U.S.C. § 2244 (b).  Under Fifth Circuit prece-

dent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction

or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an

abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v.*

*Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1]  A petition that is literally second or successive,

however, is not a second or successive application for purposes of AEDPA if the prior dismissal is

based on prematurity or lack of exhaustion.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (de-

clining to construe an application as second or successive when it followed a previous dismissal due

to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998)

(declining to construe an application as second or successive when it followed a previous dismissal

due to prematurity, and noting the similarities of such dismissal to one based upon a failure to ex-

haust state remedies).  "To hold otherwise would mean that a dismissal of a first habeas petition for

technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523

U.S. at 645.

    In this case, petitioner's previous petition was not dismissed because of any prematurity or

lack of exhaustion.  The Court dismissed it because petitioner filed it outside the applicable one-year

period of limitations.  A dismissal based on untimeliness is not the type of procedural dismissal that

would make a later-filed petition non-successive.  *See Villanueva v. United States*, 346 F.3d 55, 62 (2d

Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).  "[A] prior untimely petition . . .

count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but

---

[1]  Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28
U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision.
*See* 211 F.3d at 864 n.4.  In the present context, this Court also finds it appropriate to make no distinction between cases
decided under § 2255 and those under § 2254.

rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."
*Altman*, 337 F.3d at 766. Under *Orozco-Ramirez* and *Crone*, petitioner was therefore required to present all available claims in his prior federal petition.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 2000 aggravated robbery conviction in a prior federal petition. The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial petition. Although he claims that the State suppressed an exculpatory video tape, he provides argument and state records which show that, at trial, he knew of the possible existence of a video tape. Petitioner would have known about the alleged suppression at trial. He would have known the factual basis for his other claims prior to filing his previous federal petition. He presents no legitimate reason why he could not have raised each of his current claims in his initial petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based

4

on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 16th day of November, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE